**IN THE NORTHERN DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE ) | |
| NORTHERN ILLINOIS BENEFIT FUND, ) | |
| BOARD OF TRUSTEES OF THE ) | |
| NORTHERN ILLINOIS PENSION FUND, ) | |
| BOARD OF TRUSTEES OF THE ) | |
| NORTHERN ILLINOIS EDUCATION ) | |
| FUND, BOARD OF TRUSTEES OF ) | No.   13 CV 4189 |
| THE NORTHERN ILLINOIS ) | |
| RETIREMENT FUND, ) | Judge Castillo |
| ) | |
| Plaintiffs, ) | Magistrate Judge Soat Brown |
| ) | |
| v. ) | |
| ) | |
| METRO ENVIRONMENTAL ) | |
| CONTRACTORS, INC., ) | |
| an Illinois corporation, and ) | |
| LARRY CHERNER, Individually ) | |
| ) | |
| Defendants. ) | |

<u>**MOTION FOR JUDGMENT IN SUM CERTAIN**</u>

NOW COME the Plaintiffs, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS

BENEFIT FUND, et al. ("FUNDS"), by and through their attorneys, and, in their Motion for

Judgment in Sum Certain, state as follows:

1.      Both Defendants answered Plaintiffs' Complaint on July 4, 2013.  Count Two of

the Complaint sought relief from Defendants' Installment Note default.  See Defts. Ans.,

attached as Ex. A.

2.      In their Answer, Defendants admitted METRO ENVIRONMENTAL

CONTRACTORS, INC. ("METRO") was bound to a Collective Bargaining Agreement and to

the FUNDS' Trust Agreements, and that all of those documents obligated METRO to contribute

to the FUNDS on behalf of METRO's employees.  Defts. Ans. ¶¶6-8.

3.     Defendants further admitted METRO was delinquent in its contributions, METRO not having contributed to the FUNDS since April 2013.  Defts. Ans. ¶9.

4.     Defendants admitted to entering into an Installment Note with the FUNDS to address a prior delinquency, and that a $16,710.88 balance remained due on the Note.  Defts. Ans. ¶¶14, 15, 18.[1]

5.     Finally, Defendants admitted a default in regular ongoing contributions constituted a Note default (Defts. Ans. ¶16), and that Defendant CHERNER personally guaranteed the Note's payments (Defts. Ans. ¶17).

6.     Under the terms of the Note, which was attached to the Complaint, Plaintiffs may claim the remaining balance due in the event of a default, and are entitled to their attorney's fees and collection costs in addressing Note defaults.  See Ex. B.

7.     According to the Declaration of Andrew S. Pigott, Plaintiffs' current attorneys' fees and collection costs total $1,587.50.  See Ex. C.

WHEREFORE, Plaintiffs ask this Court to enter the Order attached to this Motion as Exhibit D.

Respectfully submitted,
TRUSTEES OF THE NORTHERN ILLINOIS
BENEFIT FUNDS

By  :  /s Andrew S. Pigott
          One of their attorneys

Donald D. Schwartz
Andrew S. Pigott
ARNOLD & KADJAN
203 North LaSalle Street, Suite 1650
Chicago, IL 60601
(312) 236-0415

---

[1] Plaintiffs made a typographical error in their Complaint and employed the number "17" to the final two paragraphs.  Herein, Plaintiffs will refer to the last paragraph of the Complaint as paragraph "18."